**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES RAY BROWN,

                Petitioner - Appellant,

   v.

JAMES A. YATES, Warden,

                Respondent - Appellee.

No. 11-16131

D.C. No. 1:10-cv-00219-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted January 13, 2014
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE, Senior District
Judge.[**]

    James Ray Brown petitions for relief under 28 U.S.C. § 2254, arguing that

the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668

(1984), in denying his petition for a writ of habeas corpus. He further argues that

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

should this court remand his claim, he would be entitled to an evidentiary hearing. For the following reasons, we vacate the judgment below and remand for further proceedings.

1.  The state court unreasonably applied *Strickland* in concluding that Brown failed to establish ineffective assistance of counsel. Brown's state habeas petition and memorandum of law, offered under penalty of perjury, provide the only evidence in the record pertaining to the legal advice offered by his trial counsel regarding the state's plea offer. According to Brown's uncontroverted statements, his attorney told him that "he could not be convicted at trial because witnesses had recanted their incriminating statements," and that "at worst, he would get a hung jury." As phrased, such legal advice cannot be fairly construed as "reasonable tactical analysis," as the state court concluded. Rather, absent a declaration from Brown's counsel or other evidence to the contrary, the only inference available based on the record as it currently exists is that Brown's attorney erroneously informed him of a legal impossibility—that he "*could not be*

2

*convicted at trial*."[1]  Brown has thus rebutted the presumption of correctness

afforded to state court factual findings in habeas proceedings.  *See* 28 U.S.C. §

2254(e)(1).

We find Respondent's remaining arguments similarly unavailing.  The

alleged statements by Brown's counsel do not "show[] equivocation as to whether

Brown would be found guilty."  Rather, the statements assure Brown that even in

the worst case scenario, he would avoid conviction.  Moreover, the fact that the

trial court judge advised Brown that he could receive a sentence of life

imprisonment if convicted of all counts concerns the knowing and voluntary nature

of Brown's rejection of the state's plea offer and is irrelevant to whether Brown's

---

[1]  The dissent challenges this conclusion as "not logically compatible" with the alleged statement by Brown's counsel that "at worst, [Brown] would get a hung jury."  Dissent at 1.  The dissent further finds that the state court reasonably construed the "advice" offered by Brown's counsel as merely "an overly optimistic prediction."  *Id*.  However, at other points in Brown's state habeas petition, he contends that "[c]ounsel was wrong to say [he] could not possibly be convicted," "[c]ounsel erroneously advised [him] a jury could not convict him because [witnesses] had recanted their prior identifications of him," and "[c]ounsel failed to advise [him] he could still be convicted based solely on [w]itnesses' prior statements."  Thus, despite the alleged reference by Brown's counsel to the possibility of a hung jury, we see no ambiguity in what Brown purports to claim—that his counsel erroneously told him that "he *could not be convicted* at trial."

3

counsel provided deficient performance.[2]  *See Lafler v. Cooper*, 132 S. Ct. 1376, 1390 (2012).  Finally, even if the district court were correct that "it would not have been unreasonable for counsel to recommend proceeding to trial," the legal advice Brown's counsel *actually offered* may nonetheless have been constitutionally infirm.

      2.     The state court's unreasonable application of *Strickland* notwithstanding, the current state of the record does not permit a determination of whether Brown is entitled to federal habeas relief.  Regarding deficient performance, Brown relies heavily on *Lafler*.  However, in *Lafler*, the deficient performance of the petitioner's trial counsel had been conceded by all parties, and thus the Court declined to address the issue.  *See id*. at 1391.  Regarding prejudice, however, Brown may be able to demonstrate "a reasonable probability that . . . [he] would have accepted the plea and the prosecution would not have withdrawn it . . . , that the court would have accepted its terms, and that the conviction or sentence . . . would have been less severe than [what was] imposed."  *Id.* at 1385.

---

[2] Respondent also errs in relying on the comment by Brown's attorney during his client's plea hearing that "[Brown] understands that potentially he could go to prison on this case."  Read in context, it is clear that Brown's attorney merely indicated that Brown understood he could potentially go to prison *if he accepted the state's plea deal*.

4

We therefore vacate the judgment below and remand for further development of the record. We note that the availability of an evidentiary hearing under *Townsend v. Sain*, 372 U.S. 293 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), appears unchanged following the Supreme Court's decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). *See Hurles v. Ryan*, 706 F.3d 1021, 1039 (9th Cir. 2013), *petition for cert. filed*, 82 U.S.L.W. 3009 (U.S. June 17, 2013) (No. 12-1472). Moreover, such a hearing would not be barred by 28 U.S.C. § 2254(e)(2), as Brown requested and was denied an evidentiary hearing during his state habeas proceedings. *Id.* ("A petitioner who has previously sought and been denied an evidentiary hearing has not failed to develop the factual basis of his claim.").

The judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings. Costs on appeal are awarded to Appellant.

Brown v. Yates, No. 11-16131

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

1. The state court expressly considered Petitioner's claim of ineffective assistance of counsel on the merits, citing and applying <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). We owe substantial deference to that court's denial of habeas relief. <u>See</u> <u>Harrington v. Richter</u>, 131 S. Ct. 770, 788 (2011) ("The standards created by <u>Strickland</u> and [AEDPA] are both highly deferential, and when the two apply in tandem, review is doubly so." (citations and internal quotation marks omitted)).

(a) The state court's interpretation of the nature of counsel's advice is not unreasonable determination of the facts because counsel's statement that "at worst, [Petitioner] would get a hung jury" is not logically compatible with the majority's interpretation that counsel "informed [Petitioner] of a legal impossibility" of conviction. Maj. at 2. Rather, the state court permissibly read Petitioner's claim as only an overly optimistic prediction.

(b) The state court's analysis of counsel's advice is, similarly, not unreasonable. The court permissibly held that advising Petitioner to reject the plea offer represented a reasonable—if ultimately unfortunate—tactical choice because the witnesses' recantations significantly increased the odds of acquittal.

2.  Because the state court reasonably applied the law and rested its decision on a reasonable determination of the facts, <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388 (2011), precludes the remedy ordered by the majority.  Our review "is limited to the record that was before the state court that adjudicated the claim on the merits."  <u>Id.</u> at 1398.[1]

---

[1] Moreover, this is not a case in which the facts could improve for Petitioner.  At best, his counsel would not contradict Petitioner's version of the advice.  At worst, counsel would deny that he said any such thing.  For that reason, cases such as <u>Hurles v. Ryan</u>, 706 F.3d 1021 (9th Cir. 2013), <u>petition for cert. filed</u>, 82 U.S.L.W. 3009 (U.S. June 17, 2013) (No. 12-1472), are inapposite, because here no evidentiary hearing is necessary to develop the record.